UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THI KIM XUAN NGUYEN,
(A-Number: 249-488-824)

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY
DETENTION FACILITY, et al.,

Respondents.

No.  1:26-cv-01625-JLT-EGC (HC)

**FINDINGS AND RECOMMENDATION
TO GRANT PETITION AND ORDER
BOND HEARING**

(Doc. 1)

<u>10-DAY DEADLINE</u>

## I.    INTRODUCTION

Petitioner Thi Kim Xuan Nguyen is an immigration detainee proceeding with a petition for writ of habeas corpus.  (Doc. 1).  She is a native and citizen of Vietnam who entered the United States without inspection on November 5, 2024.  (Doc. 1 at 5).  On November 6, 2024, she was apprehended by immigration authorities and has been detained since.  (Docs. 1 at 5; 9 at 1; 12 at 1).

On December 12, 2024, Petitioner was served with a Notice to Appear and charged with removability.  (Doc. 9 at 2).  On October 3, 2025, Petitioner appeared for a merits hearing on her application for relief from removal, and an immigration judge denied her application.  (*Id.*)  Petitioner appealed that decision, and this appeal remains pending.  (*Id.*)

On February 26, 2026, Petitioner filed the instant petition.  (Doc. 1).  Petitioner alleges

1

Respondents have detained her for a prolonged period without any justification in violation of her due process rights. (Doc. 1 at 16–17). She also contends her procedural due process rights were violated when she was detained without a pre-deprivation hearing. (Doc. 1 at 5).

On April 7, 2026, Respondents moved to dismiss the petition. (ECF No. 9). Respondents state that, despite the length of her detention, Petitioner is ineligible for release or a bond hearing because Petitioner is an arriving noncitizen present in the United States without admission or parole and must be mandatorily detained during removal proceedings under 8 U.S.C. § 1225(b)(1)(B)(ii). (*Id.*) Accordingly, Respondents argue that the Court should dismiss, or in the alternative deny, the petition. (*Id.*)

## II.    LEGAL STANDARD

The Constitution guarantees that "the writ of habeas corpus [is] available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).

A writ of habeas corpus is a critical check upon the executive power, ensuring that individuals are not detained "except in accordance with law." *Hamdi*, 542 U.S. at 525 (citing *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). The "traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The district court has jurisdiction over challenges to immigration-related detention—such as those made by petitioner—pursuant to 28 U.S.C. § 2241. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing 28 U.S.C. § 2241(c)(3)).

## III.    DISCUSSION

In her Petition, Petitioner argues that her 15-month detention without a bond hearing violates the Due Process Clause. (Doc. 1 at 2). The Due Process Clause of the Fifth Amendment prohibits the government from depriving an individual of life, liberty, or property without due process of law. *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("the Due Process Clause applies to all

2

'persons' within the United States . . . whether their presence here is lawful, unlawful, temporary, or permanent").

This Court, and numerous district courts, have determined that the unreasonably prolonged detention of individuals like Petitioner with pending removal proceedings, without a bond hearing under section 1225(b), violates the due process clause. *See*, *e.g., Harun Mohammed v. Warden of the Cal. City Det. Ctr.*, 2026 WL 192368, at *2–4 (E.D. Cal. Jan. 26, 2026) (considering a detainment period of 17 months); *Abubakar Abdul-Samed v. Warden of the Golden State Annex Det. Facility*, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) ("essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process") (citation omitted); *Rowe v. Archambeault*, 2026 WL 879487, at *4 (S.D. Cal. Mar. 31, 2026) ("prolonged detention under § 1225(b) without a bond hearing can eventually give rise to due process issues"); *see also Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116 (W.D. Wash. 2019) (collecting cases).

**A.    Procedural Due Process**

To determine whether Petitioner's due process rights have been violated, the Court must answer two questions: "the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025); *see also Mohammed*, 2026 WL 192368, at *3 (same).

First, Petitioner asserts she possesses a liberty interest in securing her freedom from detention. (Doc. 1 at 10–11). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Petitioner was detained in November 2024 and has remained in custody for approximately 20 months. (*See* Doc. 1 at 2). As Petitioner has been deprived of the liberty secured by the Due Process Clause—which will continue for an unidentified and indefinite period—petitioner has established a clear liberty interest. *See Zadvydas*, 533 U.S. at 690, 693; *see also Mohammed*, 2026 WL 192368, at *3 (finding a petitioner detained

for 17 months under Section 1225(b) had "a clear liberty interest" under the due process clause).

Second, the Court must consider if the duration of Petitioner's detention has become unreasonable. *Garcia*, 2025 WL 1927596, at *2; *Mohammed*, 2026 WL 192368, at *3. To determine whether a petitioner's detention is unreasonable, the Court considers "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). Although *Lopez* identified these factors in evaluating a detention under Section 1226(c), the same factors are appliable in evaluating a detention under Section 1225(b). *See Mohammed*, 2026 WL 192368, at *3 (finding the "considerations identified are relevant to the due process analysis" under Section 1225(b), and applying the *Lopez* test); *see also Bobokulov Akmal v. Warden of Cal. City Det.*, 2026 WL 657606, at *6 (E.D. Cal. Mar. 9, 2026) (applying the test enumerated in *Lopez* to a prolonged detention claim under § 1225(b)(1)); *Lebedev v. Warden of Golden State Annex*, 2026 WL 482733, at *5–8 (E.D. Cal. Feb. 20, 2026) (same).

### 1. Total Length of Detention

The length of detention "is the most important factor." *Lopez*, 631 F. Supp. 3d at 882 (quoting *Banda*, 385 F. Supp. 3d at 1118). When detention continues beyond a year, "courts become extremely wary of permitting continued custody absent a bond hearing." *Gonzalez v. Bonnar*, 2019 WL 330906, at *3 (N.D. Cal. Jan. 25, 2019) (quoting *Muse v. Sessions*, 409 F. Supp. 3d 707, 716 (D. Minn. 2018)).

It is undisputed that Petitioner has remained detained for 20 months. The undersigned finds that this duration, without a bond hearing, supports a finding that her continued detention is unreasonable. *See, e.g., Black v. Decker*, 103 F.4th 133, 138 (2d Cir. 2024) (affirming district court judgment ordering bond hearing for petitioner detained seven months); *Mohammed*, 2026 WL 192368, at *3 (finding a 17-month detention "far exceeds that other courts have found warrant a bond hearing under the Due Process Clause"); *R.M. v. Warden of the Golden State Annex ICE Det. Facility*, 2026 WL 836322, at *5 (E.D. Cal. Mar. 26, 2026) (detention "for nearly twelve months with no end currently in site" weighed in favor of finding a due process violation).

2.      Likely duration of future detention

The Court must also consider "how long the detention is likely to last." *Lopez*, 631 F. Supp. 3d at 881 (citation omitted). "[When] removal proceedings are unlikely to end soon, this suggests that continued detention without a bond hearing is unreasonable." *Id.* (quoting *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 211 (3d Cir. 2020)). There is no evidence before the Court suggesting that Petitioner's removal proceedings are likely to end soon. Respondents do not identify any end date for Petitioner's detention—she essentially faces indefinite detention pending review of her asylum claim. Petitioner may appeal an adverse asylum finding to the Board of Immigration Appeals and seek judicial review by the Ninth Circuit, and such processes may take a prolonged time. *See Banda,* 385 F. Supp. 3d at 1119 (weighing in favor of petitioner on this factor because his asylum application was pending review by the BIA and noting that this process may take up to two years or longer); *Abdul-Samed v. Warden of Golden State Annex Det. Facility,* 2025 WL 2099343, at *7 (E.D. Cal. July 25, 2025) ("Petitioner's possible administrative appeal and judicial review by the Ninth Circuit will be sufficiently lengthy such that this factor weighs in favor of Petitioner"). In similar circumstances, courts have weighed this factor in favor of the petitioners. *See, e.g.*, *Loba L.M. v. Andrews,* 2025 WL 2939178, at *6 (E.D. Cal. Oct. 16, 2025), *adopted,* 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); *Rowe,* 2026 WL 879487, at *4. The undersigned finds that this factor supports finding that Petitioner's detention is unreasonable.

3.      Delays in removal proceedings

In evaluating any delays, "the operative question should be whether the alien has been the cause of delayed immigration proceedings and, where the fault is attributable to some entity other than the alien, the factor will weigh in favor of concluding that continued detention without a bond hearing is unreasonable." *Doe v. Andrews*, 2025 WL 2590392, at *8 (E.D. Cal. Sept.8, 2025) (citation omitted). On October 3, 2025, nearly a year after her detention commenced, Petitioner appeared for a merits hearing on her application for relief from removal, which was denied and now remains pending on appeal. (Doc. 9 at 2). Although Respondent argues that there is a "definite termination point" of Petitioner's detention, it is unclear when Petitioner's appeal will be resolved. (*See id.* at 5). There is no information before the Court suggesting that these delays

may be attributed to Petitioner. Accordingly, the undersigned finds that this factor weighs in favor of finding that the detention duration is unreasonable.

      4.     <u>Weighing interests</u>

Weighing the interests of Petitioner and the government also supports granting habeas relief. *See Lopez*, 631 F. Supp. 3d at 878 (citing *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976)). While the government has a strong interest in enforcing immigration laws, ensuring the presence of noncitizens at their removal proceedings, and protecting the public from danger, the governmental interest at stake is not the detention itself, but rather "the government's ability to detain [Petitioner] *without a bond hearing.*" *Andrews*, 2025 WL 2590392, at *8 (emphasis in original, citation omitted). This interest in detaining Petitioner without providing a bond hearing is low. *Id.* (citing *Henriquez v. Garland*, 2022 WL 2132919, at *5–6 (N.D. Cal. June 14, 2022). The undersigned finds the identified governmental interest is outweighed by the length of detention to date, the likely extent of Petitioner's future detention, and the delays in Petitioner's immigration proceedings. *See Andrews*, 2025 WL 2590392, at *8 (finding length of past detention and likely future detention alone outweighed government's interests).

## IV.    CONCLUSION & RECOMMENDATION

For the foregoing reasons, the undersigned hereby RECOMMENDS that Respondents be ordered to provide Petitioner with a bond hearing within 10 days of the date of the order before an immigration judge. *See Lopez*, 631 F. Supp. 3d at 882 (identifying a bond hearing as the appropriate remedy, rather than release). At the hearing, the Government must establish "by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond." *Id.* (citations omitted). The undersigned further recommends that if Respondents fail to provide Petitioner with a bond hearing as required by the Court's order, that Responsents be ordered to immediately release Petitioner from detention.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may

file written objections with the Court and serve a copy on all parties. *Id.* The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:    **July 8, 2026**

_____
UNITED STATES MAGISTRATE JUDGE